UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**RICHARD LYNCH,**

        *Plaintiff,*

v.

**MTX GROUP, INC. and DASTAGIR NOBEL,**

        *Defendants.*

**ANSWER AND AFFIRMATIVE DEFENSES**

Civil Case No.
1:19-cv-1424 (TJM/CFH)

**JURY TRIAL DEMANDED**

---

Defendants MTX Group, Inc. and Dastagir Nobel ("Defendants"), by and through their attorneys, Barclay Damon LLP, respond and state their affirmative defenses to Plaintiff's Complaint as set forth below.

The initial, un-numbered paragraph in the Complaint merely purports to describe the action as framed by Plaintiff, and no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

The Complaint also contains various headings to which no response is required. To the extent a response is required, the various headings state conclusions of law to which no response is required. To the extent any further response is required, Defendants deny the allegations in the headings.

**Parties**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Dastagir Nobel is the CEO of MTX and that he has authority commensurate with that position. The remaining allegations in Paragraph 3 of the Complaint either lack sufficient specificity to enable an answer or state conclusions of law to which no response is required. To the extent any further response is required, Defendants deny the remaining allegation in Paragraph 3 of the Complaint.

**Factual Allegations**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants deny in the form alleged the allegations in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint.

8. Defendants admit Plaintiff was hired pursuant to the terms of an employment agreement, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Lynch's experience as set forth in Paragraph 8 of the Complaint.

*The Employment Agreement*

9. Paragraph 9 refers to and references a writing which speaks for itself. To the extent a response is required, Defendants admit Exhibit A is a copy of an Employment Agreement between MTX and Lynch.

10. Paragraph 10 refers to and references a writing which speaks for itself. To the extent a response is required, Defendants deny any allegation in Paragraph 10 of the Complaint that is inconsistent with the terms of the referenced agreement.

11. Paragraph 11 refers to and references a writing which speaks for itself. To the extent a response is required, Defendants admit the Employment Agreement between MTX and Lynch had an Addendum C.

12. Paragraph 12 refers to and references a writing which speaks for itself. To the extent a response is required, Defendants admit the allegations in Paragraph 12 of the Complaint accurately quote the text of the writing.

13. Paragraph 13 refers to and references a writing which speaks for itself. To the extent a response is required, Defendants admit the excerpts contained in Paragraph 13 of the Complaint accurately quote the text of the writing.

*Lynch's Sales on Behalf of MTX*

14. Defendants admit that Richard Lynch began working on behalf of MTX on a date following the execution of the Employment Agreement. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff's employment was terminated in July 2019. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

## COUNT I
**Non-Payment of Wages in Violation of New York Labor Law § 191-C**

26. The allegations set forth in Paragraph 26 of the Complaint state legal conclusions to which no response is required.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. The allegations set forth in Paragraph 28 of the Complaint state legal conclusions to which no response is required.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

## COUNT II
**Non-Payment of Wages in Violation of Mass. Gen. L. c. 149**

31. Defendants restate and incorporate by reference as if fully set forth here their responses to the allegations contained in paragraphs 1 through 30 of the Complaint.

4

32. The allegations set forth in Paragraph 32 of the Complaint state legal conclusions to which no response is required.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. The allegations set forth in Paragraph 35 of the Complaint state legal conclusions to which no response is required.

36. The allegations set forth in Paragraph 36 of the Complaint state legal conclusions to which no response is required.

37. The allegations set forth in Paragraph 37 of the Complaint state legal conclusions to which no response is required.

38. The allegations set forth in Paragraph 38 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The allegations set forth in Paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint.

### COUNT III
### Retaliation

40. Defendants restate and incorporate by reference as if fully set forth here their responses to the allegations contained in paragraphs 1 through 39 of the Complaint.

41. The allegations set forth in Paragraph 41 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny in the form alleged the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

## COUNT IV
### Breach of Contract

45. Defendants restate and incorporate by reference as if fully set forth here their responses to the allegations contained in paragraphs 1 through 44 of the Complaint.

46. The allegations set forth in Paragraph 46 of the Complaint state legal conclusions to which no response is required.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

## COUNT V
### Breach of Covenant of Good Faith and Fair Dealing

50. Defendants restate and incorporate by reference as if fully set forth here their responses to the allegations contained in paragraphs 1 through 49 of the Complaint.

51. The allegations set forth in Paragraph 51 of the Complaint state legal conclusions to which no response is required.

52. The allegations set forth in Paragraph 52 of the Complaint state legal conclusions to which no response is required.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" section.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each particular cause of action set forth therein fails to state a claim upon which relief may be granted to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own failure to perform his contractual duties and his own prior material breaches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not been damaged and has suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any damages, such damages were not caused by Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a lack of causation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his claims and/or his claims are barred by contract or agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his own bad faith and inequitable conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if awarded any damages, sums, or relief as against Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to fraud or fraud in the inducement.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any additional affirmative defenses that may be available to them, up to and including the trial of this action.

## **PRAYERS FOR RELIEF**

WHEREFORE, MTX Group, Inc. and Dastagir Nobel respectfully request that this Court enter the following relief:

1. Dismiss plaintiff Richard Lynch's Complaint with prejudice;

2. Award MTX Group, Inc. and Dastagir Nobel their attorneys' fees and costs in defending against the Complaint; and

3.  Grant such further relief as the Court deems just, fair, and proper.

**JURY DEMAND**

MTX Group, Inc. and Dastagir Nobel hereby request a trial by jury on all claims so triable.

Respectfully submitted,
MTX Group, Inc. and Dastagir Nobel

By their attorneys,
**BARCLAY DAMON LLP**

**DATED:** January 17, 2020

By: /s/ *David M. Cost*
David M. Cost
Bar Roll No.: 514417
Amanda Miller (pending admission)

*Attorneys for Defendants,*
*MTX Group, Inc. and Dastagir Nobel*
Office and Post Office Address
80 State Street
Albany, New York 12207
Telephone (518) 429-4286

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the District Court, using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Nicholas J. Rosenberg
Gardner & Rosenberg, P.C.
One State Street, Fourth Floor
Boston, MA 02109
nick@gardnerrosenberg.com

/s/ David M. Cost
David M. Cost
(Bar Roll No. 514417)