CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

Richard Lynch

No. **1:19-CV-1424 (TJM/CFH)**

VS

**MTX Group, Inc., et al.**

### REPORT OF RULE 26(f) CONFERENCE

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 31th day of March, 2020.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 30th day of April, 2020.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 3rd day of September, 2020. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 30th day of November, 2020. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 1st day of April, 2021. It is anticipated that the trial will take approximately 3-4 days to complete. The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** YES

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
YES

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
**Plaintiff claims he earned sales commissions, for which he was improperly denied payment by his employer. The defendants assert that the commissions were not earned.**

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Whether the sales identified by the plaintiff entitled him to any commissions. Whether the termination of plaintiff's employment was retaliatory.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
The defendants anticipate filing a motion for summary judgment on at least certain of plaintiff's claims.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff seeks unpaid commissions in the amount of approximately $190,000, lost wage damages resulting from the retaliatory termination, and additional statutory damages and penalties, including treble damages and attorneys' fees under Massachusetts Wage law.

**12) DISCOVERY PLAN:**

    **A.**    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    **B.**    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:
Records of contacts with the entities for which sales are alleged to have been made by plaintiff in the complaint; documents supporting defendants' assertions that others were responsible for such sales; other evidence concerning Plaintiff's employment. Parties reserve their rights to seek additional disclosure within the rules.

    **C.**    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
Phased discovery is not anticipated. The Parties expect the exchange of written disclosure requests/responses followed by depositions.

**D.**     **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties do not anticipate the need to exceed the number of requests under Rules.

Plaintiff anticipates seeking documents and information concerning Defendants' records of Plaintiff's sales efforts at issue, Plaintiff's and Defendants' communications with the customers at issue, the basis for Defendants' refusal to pay commissions, and other documents and discovery showing the Defendants' pattern and practice of obtaining the benefit of employees' work without properly crediting sales commissions. Defendants will seek discovery regarding Plaintiff's employment history, the negotiation of his agreement with MTX, and communications with MTX employees and customers.

**E.**     **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties expect 2-4 depositions each of current and former employees and possible third-parties. It is possible, depending on the documents and testimony provided, that other non-parties may be required.

**F.**     **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

It is unclear whether experts will be necessary. If so, the parties do not anticipate needing to depart from the uniform pretrial scheduling order typically issued regarding experts.

### G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Given the anticipated modest volume of documents and information, the parties do not anticipate any orders or other special e-discovery handling will be required.

### H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The plaintiff does not anticipate the need for a protective order; the defendants believe that a protective order may be necessary to protect customer information.

### I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

N/A

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**
Unknown at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**
None.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY) →→→→→→→→→(LIKELY)

CANNOT BE EVALUATED PRIOR TO June 1, 2020 (post-initial discovery)  (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
_____
_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

   A.   Reviewed General Order #47?     YES

   B.   Reviewed the List of Court Approved Mediators available on the NDNY website?     YES

   C.   Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?     YES

   D.   Discussed the time frame needed to complete Mandatory Mediation?     YES

*********************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on 2/26/20          at multiple communications
_____and was attended by:  (Date)          (Place)
 Nicholas Rosenberg               for plaintiffs(s)

 Brian Whiteley                   for defendant(s) _____
                                                                    (party name)
_____ for defendant(s) _____
                                                                    (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*